**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JOSE C. RODRIGUEZ AS TRUSTEE )<br>OF THE BANKRUPTCY ESTATE OF )<br>STEVEN BRICE WIBRACHT AND )<br>ERIN MICHELLE WIBRACHT, AND )<br>UNITED STATES OF AMERICA, *ex. rel,* )<br> )<br> )<br> )<br> )<br>*Plaintiffs,* )<br> )<br>**v.** )<br> )<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA, et al. )<br> )<br>*Defendants.* )<br> ) | **Civil Action No. 2:21-cv-00125**<br>**Honorable J. Rodney Gilstrap** |

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant Travelers Casualty and Surety Company of America ("Travelers" or "Defendant"), by counsel, and submits the following Answer and Affirmative Defenses to the Second Amended Complaint of Jose C. Rodriguez as Trustee of the Bankruptcy Estate of Steven Brice Wibracht and Erin Michelle Wibracht and the United States, *ex. rel.* ("Plaintiff").[1]

**Preliminary Statement**

The Second Amended Complaint refers to Steven Brice Wibracht as "Relator." Pursuant to the Court's April 26, 2024 Memorandum Opinion and Order (Dkt. No. 123), Mr. Wibracht is no longer a party to the above-captioned action due to his lack of standing. Accordingly, Travelers denies each and every reference in the Second Amended Complaint to Steven Brice Wibracht as

---

[1] The case caption and references to "Plaintiff" or "Relator" herein are consistent with the Court's Memorandum Opinion and Order dated April 26, 2024. (Dkt. No. 123).

"Relator". Further, Travelers will treat allegations regarding "Relator Wibracht" as referring to Steven Brice Wibracht in his individual capacity.

In addition, the Second Amended Complaint is not divided into numbered paragraphs setting forth a single set of circumstances as required by Federal Rule of Civil Procedure 10(b)(1). The Second Amended Complaint also runs afoul of Federal Rule of Civil Procedure 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Despite Plaintiff's failure to abide by the applicable pleading requirements, Travelers endeavors in good faith to answer the oft-complicated, convoluted, and confusing allegations consistent with Rule 8(b).

## ANSWER

1.      The Second Amended Complaint speaks for itself.  The construction of the Second Amended Complaint is a legal conclusion requiring no response from Travelers.  To the extent Paragraph 1 contains any allegations requiring a response from Travelers, those allegations are denied, including each averment that is inconsistent with the Court's April 26, 2024 Memorandum Opinion and Order (Dkt. No. 123).

## I. SUMMARY[2]

2.      The allegations in Paragraph 2 are denied.

## II. PARTIES

3.      Travelers admits only that, upon information and belief, Steven Wibracht is a former employee of MAPCO. Paragraph 3 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 3 includes any allegations relating to Travelers, those allegations are denied. Travelers lacks knowledge or information sufficient to form a belief

---

[2] This Answer transposes certain headings from the Second Amended Complaint merely for ease of reference; their use herein is not intended and shall not constitute an admission or endorsement by Travelers of any factual or legal matter alleged or implied therein, which is expressly denied.

regarding the truth or falsity of the remaining allegations in Paragraph 3, and therefore denies those allegations.

4.      Upon information and belief, Travelers admits the allegations in Paragraph 4.

5.      Travelers admits the allegations in Paragraph 5.

6.      Upon information and belief, Travelers admits that Time Insurance Agency, Inc. ("Time") is a Texas corporation with a principal office in Austin, Texas. Travelers denies the remaining allegations in Paragraph 6.

7.      Upon information and belief, Travelers admits that, prior to his death, John W. Schuler was the president of Time.  Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 7 concerning Mr. Schuler's tenure at Time or matters concerning service of process, and therefore denies those allegations. Travelers denies all remaining allegations in Paragraph 7.

8.      Travelers admits only that Michael Padron ("Padron") was convicted in the Western District of Texas, Case No. 5:21-CR-124-1.  The pleadings and order in that case speak for themselves. Travelers denies the remaining allegations in Paragraph 8.

9.      Paragraph 9 contains a conclusion of law requiring no response from Travelers. To the extent Paragraph 9 includes any allegations requiring a response from Travelers, those allegations are denied.

### III. JURISDICTION AND VENUE

10.      Travelers denies that it violated 31 U.S.C. §§ 3729 et seq. Paragraph 10 contains conclusions of law requiring no response from Travelers.  To the extent Paragraph 10 includes any allegations requiring a response from Travelers, those allegations are denied.

11. Paragraph 11 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 11 includes any allegations requiring a response from Travelers, those allegations are denied.

12. Paragraph 12 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 12 includes any allegations requiring a response from Travelers, Travelers denies those allegations.

## IV. FACTUAL ALLEGATIONS

### A. Introduction: Relator Wibracht, MAPCO, Padron, FMS

13. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 13 and therefore denies those allegations.

14. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 14 and therefore denies those allegations.

15. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 15 and therefore denies those allegations.

16. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 16 and therefore denies those allegations.

17. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 17 and therefore denies those allegations.

18. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 18 and therefore denies those allegations.

19. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 19 and therefore denies those allegations.

20. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 20 and therefore denies those allegations.

21.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 21 and therefore denies those allegations.

22.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 22 concerning Steven Wibracht's ownership of, stakes in, duties and control related to, and separation from FMS or MAPCO. Accordingly, Travelers denies those allegations.  Travelers denies all of the remaining allegations in Paragraph 22.

23.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 23 and therefore denies those allegations.

24.     Paragraph 24 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 24 contains any allegations requiring a response from Travelers, Travelers denies those allegations. Travelers denies all remaining allegations in Paragraph 24.

### B.     The MAPCO Bonding Program

25.     Travelers denies the allegations in Paragraph 25.

26.     Paragraph 26 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 26 contains any allegations requiring a response from Travelers, Travelers denies those allegations. Travelers denies all remaining allegations in Paragraph 26.

27.     Travelers denies the allegations in Paragraph 27 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 27 as to other Defendants, persons or entities, and therefore denies those allegations.

28.     Travelers denies the allegations in Paragraph 28.

29.     Travelers denies the allegations in Paragraph 29 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity

of the vague, hypothetical circumstances in Paragraph 29 and the contents of Exhibit E, and therefore denies those allegations.

30.     Travelers admits that it issued dividend payments consistent with Texas statute. Travelers denies the remaining allegations in Paragraph 30 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the vague, hypothetical circumstances in Paragraph 30 and the contents of Exhibit E, and therefore denies those allegations.

31.     The lawsuits and General Indemnity Agreements and other written documents referenced in Paragraph 31 speak for themselves and Travelers denies all allegations inconsistent therewith. Travelers denies the allegations in Paragraph 31 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 31 as to the other Defendants, and vague, unspecified circumstances, and therefore denies those allegations.

32.     The written correspondence referenced in Paragraph 32 speak for themselves and Travelers denies all allegations inconsistent therewith.  Travelers denies the remaining allegations in Paragraph 32 as they relate to Travelers.  Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 32 as to other Defendants, and therefore denies those allegations.

33.     Travelers denies the allegations in Paragraph 33.

34.     The March 22, 2010 letter referenced in Paragraph 34 speaks for itself, and Travelers denies all allegations inconsistent therewith. Travelers also denies the allegations in Paragraph 34 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 34 as to other Defendants and therefore denies those allegations.

35.     Without information regarding the specific bonds referred to, Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 35 concerning profits and premiums related to such bonds.  Travelers denies the allegations in Paragraph 35 as they relate to Travelers.  Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 35 and therefore denies those allegations.

36.     The financial statements and indemnity agreements referenced in Paragraph 36 speak for themselves, and Travelers denies all allegations inconsistent therewith.  Travelers denies the remaining allegations in Paragraph 36 as they relate to Travelers.  Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 36 as to other Defendants, persons or entities, and therefore denies those allegations.

37.     Travelers denies the allegations in Paragraph 37.

38.     Travelers denies the allegations in Paragraph 38.

39.     Travelers denies the allegations in Paragraph 39.

40.     Travelers admits only that Terry Nielsen was a surety underwriter for Travelers in San Antonio, Texas. Paragraph 40 does not specify the bonds referred to, and thus Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegation that Terry Nielsen approved such bonds, and Travelers therefore denies that allegation.  Travelers also denies the allegation that Schuler was "a long-time local recording agent for Travelers." Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 40 and therefore denies those allegations.

41.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 41 and therefore denies those allegations.

42.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 42 and therefore denies those allegations.

43.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 43 and therefore denies those allegations.

44.     Travelers admits that, in some instances, it has issued a dividend check consistent with Texas law to its bond principal when the subject project was completed without any claims against the bond. Travelers also admits that such dividend checks were generally sent to Time for delivery to the bond principals.  Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 44 and therefore denies those allegations.

45.     Travelers denies the allegations in Paragraph 45.

46.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 46 and therefore denies those allegations.

47.     Travelers denies the allegations in Paragraph 47.

48.     Time's website speaks for itself and Travelers denies all allegations inconsistent therewith. Paragraph 48 contains legal conclusions concerning agency to which no response is required of Travelers.  To the extent Paragraph 48 contains allegations requiring a response from Travelers, those allegations are denied. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 48 as to other Defendants and therefore denies those allegations.

49.     Travelers denies the allegations in Paragraph 49.

50.     Travelers denies the allegations in Paragraph 50.

51.     Travelers denies the allegations in Paragraph 51.

52.     The January 6, 2015 email referenced in Paragraph 52 speaks for itself and Travelers denies all allegations inconsistent therewith. To the extent there are any remaining allegations in Paragraph 52 requiring a response from Travelers, the allegations are denied.

53.     Travelers denies the allegations in Paragraph 53.

54.     Travelers denies the allegations in Paragraph 54.

55.     Paragraph 55 contains legal conclusions requiring no response from Travelers. To the extent a response is required, Travelers denies those allegations. Travelers denies the remaining allegations in Paragraph 55.

56.     Travelers denies the allegations in Paragraph 56.

57.     Travelers denies the allegations in Paragraph 57.

58.     Paragraph 58 contains conclusions of law requiring no response from Travelers. To the extent that Paragraph 58 contains any allegations requiring a response from Travelers, those allegations are denied. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 58 as to Steven Wibracht and therefore denies those allegations.

**C.     The History of the Padron/MAPCO Umbrella of Entities**

59.     Paragraph 59 contains conclusions of law requiring no response from Travelers. To the extent that Paragraph 59 contains any allegations requiring a response from Travelers, those allegations are denied. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 59 and therefore denies those allegations.

60.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 60 and therefore denies those allegations.

61.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 61 and therefore denies those allegations.

62.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 62 and therefore denies those allegations.

63.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 63 and therefore denies those allegations.

64.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 64 as to the other Defendants and therefore denies those allegations. Travelers denies the remaining allegations in Paragraph 64.

65.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 65 and therefore denies those allegations.

66.     Paragraph 66 contains conclusions of law requiring no response from Travelers. To the extent that Paragraph 66 contains any allegations requiring a response from Travelers, those allegations are denied. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 66 and therefore denies those allegations.

67.     Travelers denies the allegations in Paragraph 67 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 67 as to the other Defendants and entities, and therefore denies those allegations.

68.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 68, including subparts 1, 2, 3, and 4, and therefore denies those allegations.

69.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 69 and therefore denies those allegations.

70.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 70 and therefore denies those allegations.

71.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 71 and therefore denies those allegations.

72.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 72 and therefore denies those allegations.

73.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 73 and therefore denies those allegations.

74.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 74 and therefore denies those allegations.

75.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 75 and therefore denies those allegations.

76.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 76 and therefore denies those allegations.

77.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 77 and therefore denies those allegations.

78.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 78 and therefore denies those allegations.

79.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 79 and therefore denies those allegations.

80.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 80 and therefore denies those allegations.

81.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 81 and therefore denies those allegations.

82.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 82 and therefore denies those allegations.

83.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 83 and therefore denies those allegations.

84.     Travelers admits that Steven Wibracht executed an Additional Indemnitor Rider based, in part, on his ownership of MAPCO, FMS and/or other entities.  The Additional Indemnitor Rider and General Indemnity Agreement speak for themselves. Travelers denies all remaining allegations in Paragraph 84 as they relate to Travelers, and all allegations contrary to the terms of the General Indemnity Agreement and Additional Indemnitor Rider.  Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 84 and therefore denies those allegations.

85.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 85, including subparts 1, 2, and 3, and therefore denies those allegations.

86.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 86 and therefore denies those allegations.

87.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 87 and therefore denies those allegations.

88.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 88 and therefore denies those allegations.

89.     Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 89 and therefore denies those allegations.

90.     Travelers admits that Blackhawk Ventures and other entities for which Travelers issued surety bonds under a written General Agreement of Indemnity defaulted on a number of government contracts and, as a result, Travelers incurred losses of several million dollars. Travelers denies the remaining allegations in Paragraph 90.

91.     Travelers admits that it filed C.A. No. 5:15-CV-00200 in the District Court of the Western District of Texas against Steven Wibracht, Erin Wibracht, and other indemnitors under a written General Agreement of Indemnity for losses associated with certain bonds issued by Travelers.  Travelers denies all of the remaining allegations in Paragraph 91.

92.     Travelers admits the allegations in Paragraph 92.

93.     Travelers admits the allegations in Paragraph 93.

94.     Travelers admits the allegations in Paragraph 94.

95.     Travelers admits the allegations in Paragraph 95.

96.     Travelers admits the allegations in Paragraph 96.

97.     Travelers admits that on February 26, 2019, the Bankruptcy Court entered an order denying Steven Wibracht's discharge. That Order speaks for itself and Travelers denies any allegations in Paragraph 97 inconsistent therewith.

98.     Travelers admits the allegations in Paragraph 98.

99.     Travelers admits the allegations in Paragraph 99.

100.    Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 100 and therefore denies those allegations.

101.    Travelers admits the allegations in Paragraph 101.

102.    Travelers denies the allegations in Paragraph 102 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity

of the remaining allegations in Paragraph 102 as to other Defendants and Steven Wibracht and therefore denies those allegations.

103.     Travelers denies the allegations in Paragraph 103 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 103 and therefore denies those allegations.

104.     Paragraph 104 contains conclusions of law requiring no response from Travelers. To the extent that Paragraph 104 contains any allegations requiring a response from Travelers, those allegations are denied.  The schedules referred to in Paragraph 104 speak for themselves. Travelers denies all allegations in Paragraph 104 inconsistent therewith.

105.     Paragraph 105 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 105 contains any allegations requiring a response from Travelers, those allegations are denied.

106.     The allegations in Paragraph 106 refer to Miscellaneous Action 21-501, which remains under seal in the Bankruptcy Court.  Accordingly, and for further reasons, Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 106 and therefore denies those allegations.

107.     Paragraph 107 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 107 includes any allegations requiring a response from Travelers, those allegations are denied.

108.     Paragraph 108 contains conclusions of law, including conclusions of law that this Court has already rejected, requiring no response from Travelers.  To the extent Paragraph 108 includes any allegations requiring a response from Travelers, those allegations are denied.

## V. SMALL BUSINESS ACT

109.     The Small Business Act speaks for itself.  Plaintiff's construction of the Small Business Act constitutes a legal conclusion requiring no response from Travelers.  To the extent Paragraph 109 contains any allegations requiring a response from Travelers, those allegations are denied.

110.     The Small Business Act speaks for itself.  Plaintiff's construction of the Small Business Act constitutes a legal conclusion requiring no response from Travelers.  To the extent Paragraph 110 contains any allegations requiring a response from Travelers, those allegations are denied.

111.     The Small Business Act speaks for itself.  Plaintiff's construction of the Small Business Act constitutes a legal conclusion requiring no response from Travelers.  To the extent Paragraph 111 contains any allegations requiring a response from Travelers, those allegations are denied.

112.     The statutes and cases referenced in Paragraph 112 speak for themselves. Paragraph 112 contains legal conclusions requiring no response from Travelers.  To the extent Paragraph 112 contains any allegations requiring a response from Travelers, those allegations are denied.

113.     The Code of Federal Regulations and caselaw cited in Paragraph 113 speak for themselves. Paragraph 113 contains a legal conclusion requiring no response from Travelers.  To the extent Paragraph 113 contains any allegations requiring a response from Travelers, those allegations are denied.

114.     The Code of Federal Regulations speaks for itself.  Plaintiff's construction of the Code of Federal Regulations constitutes a legal conclusion requiring no response from Travelers.

To the extent Paragraph 114 contains any allegations requiring a response from Travelers, those allegations are denied.

115. The Code of Federal Regulations speaks for itself. Plaintiff's construction of the Code of Federal Regulations constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 115 contains any allegations requiring a response from Travelers, those allegations are denied.

116. The statutes and regulations referenced in Paragraph 116 speak for themselves. Plaintiff's construction of those statutes constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 116 contains any allegations requiring a response from Travelers, those allegations are denied.

117. The regulations referenced in Paragraph 117 speak for themselves. Plaintiff's construction of those statutes constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 117 contains any allegations requiring a response from Travelers, those allegations are denied.

118. The statutes and caselaw referenced in Paragraph 118 speak for themselves. Plaintiff's construction of those legal authorities constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 118 contains any allegations requiring a response from Travelers, those allegations are denied.

119. The Small Business Act speaks for itself. Plaintiff's construction of the Act constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 119 contains any allegations requiring a response from Travelers, those allegations are denied.

120. The regulations referenced in Paragraph 120 speak for themselves. Plaintiff's construction of those regulations constitutes a legal conclusion requiring no response from

Travelers. To the extent Paragraph 120 contains any allegations requiring a response from Travelers, those allegations are denied.

121. Paragraph 121 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 121 includes any allegations requiring a response from Travelers, those allegations are denied.

## VI. FALSE CLAIMS ACT

122. The False Claims Act speaks for itself. Plaintiff's construction of the False Claims Act constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 122 contains any allegations requiring a response from Travelers, those allegations are denied.

### A. Materiality

123. The False Claims Act and caselaw referenced in Paragraph 123 speak for themselves. Plaintiff's construction of the False Claims Act and related caselaw constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 123 contains any allegations requiring a response from Travelers, those allegations are denied.

124. The False Claims Act and caselaw referenced in Paragraph 124 speak for themselves. Plaintiff's construction of the False Claims Act and related caselaw constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 124 contains any allegations requiring a response from Travelers, those allegations are denied.

125. The caselaw referenced in Paragraph 125 speaks for itself. Plaintiff's construction of that caselaw constitutes a legal conclusion requiring no response from Travelers. To the extent Paragraph 125 contains any allegations requiring a response from Travelers, those allegations are denied.

## VII. FCA VIOLATIONS

**First Cause of Action:**
*False Presentment based on Fraudulent Inducement*
**31 U.S.C. §3729(a)(1)(A)**
**All Defendants**

126.     Travelers denies the allegations in Paragraph 126 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 126 as to the other Defendants and therefore denies those allegations.

**Second Cause of Action:**
*False Presentment*
**31 U.S.C. § 3729 (a)(1)(A)**
**All Defendants**

127.     Travelers denies the allegations in Paragraph 127 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 127 as to Defendant Padron and therefore denies those allegations.

**Third Cause of Action:**
*False Statement or Record*
**31 U.S.C. § 3729 (a)(1)(B)**
**All Defendants**

128.     Travelers denies the allegations in Paragraph 128 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 128 as to Defendant Padron and therefore denies those allegations.

**Fourth Cause of Action:**
*Conspiracy to Present False Claims*
*and to Make or Use False Statements or Records*
**31 U.S.C. § 3729 (a)(1)(C)**
**All Defendants**

129.     Travelers denies the allegations in Paragraph 129 as they relate to Travelers. Travelers lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 129 as to Defendant Padron and therefore denies those allegations.

## VIII. CONCLUSION AND REQUEST FOR RELIEF

130.     Paragraph 130 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 130 contains any allegations of fact requiring a response from Travelers, those allegations are denied.

131.     Travelers denies the allegations in Paragraph 131.

132.     Paragraph 132 contains conclusions of law requiring no response from Travelers. To the extent Paragraph 132 contains any allegations of fact requiring a response from Travelers, those allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

On or before April 5, 2018, the facts material to this right of action were known or reasonably should have been known by the Department of Justice and/or by the official of the United States charged with responsibility to act in these circumstances, and thus, all claims related to alleged violations that occurred prior to April 5, 2015 are barred by the statute of limitations.

### Third Affirmative Defense

Information allegedly known or that should have been known to Time, Schuler and/or any other insurance broker, as a matter of law, cannot be imputed to Travelers.

### Fourth Affirmative Defense

The actions of Time, Schuler, any other insurance broker, and/or of any of Travelers' bond principals or indemnitors, as a matter of law, cannot be imputed to Travelers.

## Fifth Affirmative Defense

Travelers reasonably relied upon the contract awards made by the United States in issuing final bonds, and reasonably relied upon related verifications by the United States that the various entities for which Travelers wrote bonds were qualified for every set-aside contract that was awarded to them by the United States. Travelers also reasonably relied upon those entities' own representations regarding their eligibility for such contracts.

## Sixth Affirmative Defense

The Second Amended Complaint is barred by the Public Disclosure Bar set forth in 31 U.S.C. § 3730(e)(4).

## Seventh Affirmative Defense

The United States did not sustain any damages as a result of the alleged acts of Travelers or the alleged acts of any other named Defendant herein in connection with any contract bonded by Travelers.

## Eighth Affirmative Defense

The Second Amended Complaint is barred because the Government's alleged damages, if any, were caused by the actions and/or omissions of persons or entities other than Travelers and for whom Travelers is neither liable nor responsible.

## Ninth Affirmative Defense

Travelers did not make, use, or present any false claim, record, and/or material statement to the United States. Further, Travelers did not cause any false claim, record, and/or material statement to be made, used, or presented to the United States.

### Tenth Affirmative Defense

The allegedly false claims, records, and/or material statements pled by Relator as related to Travelers were not material to any payment decision by the United States.

### Eleventh Affirmative Defense

Travelers lacked the requisite scienter that any claim, record, or material statement submitted by any of Travelers' bond principals or other named Defendants in this action was false as alleged by Plaintiff.

### Twelfth Affirmative Defense

Travelers was not a party to any conspiratorial agreement to commit a violation of any provision of the False Claims Act.  Consequently, Travelers has no liability pursuant to 31 U.S.C. § 3729 (a)(1)(C).

### Thirteenth Affirmative Defense

Steven Wibracht willfully destroyed and/or failed to maintain evidence that had a direct bearing on the issues in this case, and thus Jose Rodriguez, as Trustee of the Bankruptcy Estate of Steven Brice Wibracht and Erin Michelle Wibracht, should be precluded from continuing his prosecution of this lawsuit against Travelers.

### Fourteenth Affirmative Defense

Relator lacks standing necessary to bring this action under Article III of the Constitution in that Relator cannot show that he has suffered any actual or threatened injury as a result of the allegedly illegal conduct.

## Fifteenth Affirmative Defense

The Second Amended Complaint must be dismissed as the *qui tam* provision of the False Claims Act violates the Vesting Clause, the Appointments Clause, and the Take Care Clause of Article II of the Constitution.

## Sixteenth Affirmative Defense

Relator's claims are barred by the equitable doctrine of estoppel.

## Reservations

Travelers intends to rely upon any and all additional affirmative defenses asserted or to be asserted by any other Defendant to this action to the extent such defenses are well-grounded in fact and are applicable to Travelers.

Travelers further intends to rely upon all other affirmative defenses supported by the evidence obtained through investigation, discovery, and/or trial.

WHEREFORE, Defendant Travelers Casualty and Surety Company of America, by counsel, having fully answered the allegations of the Second Amended Complaint respectfully requests this Court to dismiss Plaintiff's Second Amended Complaint with prejudice and to award Defendant all such additional and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Hanna Lee Blake
Timothy E. Heffernan (*admitted pro hac vice*)
Robert G. Barbour (*admitted pro hac vice*)
Hanna Lee Blake (*admitted pro hac vice*)
Jennifer L. Kneeland (*admitted pro hac vice*)
**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1000
Facsimile: (703) 893-8029
theffernan@watttieder.com
rbarbour@watttieder.com

hblake@watttieder.com
jkneeland@watttieder.com

Arnold A. Spencer
Texas State Bar #00790791
**SPENCER & ASSOCIATES**
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
Telephone: 214-385-8500
arnoldspencer75225@gmail.com

***Counsel for Defendant Travelers Casualty and Surety Company of America***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above and foregoing document was served by electronic mail on this 7th day of June, 2024, to all counsel of record.

<u>/s/ Hanna Lee Blake</u>
Hanna Lee Blake