IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Jose C. Rodriguez as Trustee of the Bankruptcy Estate of Steven Brice Wibracht and Erin Michelle Wibracht,<br><br>*Relator*,<br><br>v.<br><br>Travelers Casualty and Surety Company of America, Time Insurance Agency a/k/a Statewide Surety, John Schuler, and Michael Padron,<br><br>*Defendants*. | CIVIL ACTION NO. 2:21-CV-00125-JRG |

## ORDER AND JUDGMENT AS TO DEFENDANT MICHAEL PADRON

Before the Court is the United States's Motion for Summary Judgment against Michael Padron ("the Motion"). (Dkt. No. 134.) In the Motion, the United States moves for summary judgment against Defendant Michael Padron ("Defendant") on the basis that Defendant is estopped from denying the United States's claims against him under the False Claims Act (FCA). (*Id.* at 7-15.) On June 27, 2024, after the deadline to file a Response to the Motion had passed, the United States filed a Request for Presumption of Non-Opposition to the United States's Motion for Summary Judgment. (Dkt. No. 143.) No party in this case has responded to the Motion or the Request for Presumption of Non-Opposition. In view of such failure to respond, the Court finds it proper to treat the Motion as unopposed.

In a FCA action, "a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements . . . shall estop the defendant from denying the

essential elements of the offense in any action which involves the same transaction as in the criminal proceeding . . ." 31 U.S.C. § 3731(e). In the Motion, the United States argues that Defendant is estopped from denying the United States's FCA claims against him by virtue of his criminal conviction for his role in the fraudulent procurement of the same U.S. Veteran's Administration (VA) set-aside contract at issue in this FCA action. (Dkt. No. 143 at 7-8 (citing *United States v. Boutte*, 108 F.3d 332, 1997 WL 73792 (5th Cir. Feb. 10, 1997); *United States v. Thomas*, 709 F.2d 968 (5th Cir. 1983)).)

In particular, the United States argues that its successful criminal prosecution of Padron for wire fraud and conspiracy establishes the necessary elements required for FCA liability: that Padron (1) made a false statement or engaged in a fraudulent course of conduct; (2) that was made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money. (*Id.*) According to the United States, the falsity element is met through Padron's criminal conviction, which established that Padron falsely certified his company Blackhawk as a service-disabled veteran-owned small business (SDVOSB) and fraudulently procured the VA set-aside contract on that basis. (*Id.* at 13-14.) The requisite scienter can be established by Padron's criminal conviction, which required that Padron have actual knowledge that the invoices submitted to the VA were false. (*Id.* at 14.) Materiality can be established by evidence introduced in Padron's criminal trial, which established that Blackhawk would not have been eligible for the set-aside contract had it not fraudulently represented that it was owned by a service-disabled veteran. (*Id.* at 15.) Finally, the United States argues that Padron's criminal conviction established that the VA made periodic progress payments as a result of the false invoices submitted by Padron. (*Id.*) The United States requests an award of $813,244 in statutory penalties pursuant to 31 U.S.C. § 3729, the costs of this action pursuant to 31 U.S.C. § 3729(a)(3), and post-judgment interest at the

rate allowable pursuant to 28 U.S.C. § 1961 from the date of a judgment in favor of the United States. (*Id.* at 19; Dkt. No. 152 at 1.)

Having considered the briefing, and noting that the Motion is unopposed, the Court finds that Defendant Padron, having been convicted of one count of conspiracy to commit wire fraud and six counts of wire fraud in connection with a VA set-aside contract, is estopped from denying the essential elements of those offenses in this FCA action, which is based on the same set-aside contract. Based on the undisputed facts set forth by the United States, the Court is persuaded that the issues material and necessary to Defendant's criminal convictions also establish his liability under the FCA.

Accordingly, the United States's Request for Presumption of Non-Opposition to the United States's Motion for Summary Judgment (Dkt. No. 143) and Motion for Summary Judgment against Michael Padron (Dkt. No. 134) are **GRANTED**.

Consequently, the United States shall have judgment against and recover from Defendant Michael Padron as follows:

1. Pursuant to 31 U.S.C. § 3729, the Court awards to the United States from Defendant Michael Padron the sum of $813,244 in statutory penalties;

2. Pursuant to 31 U.S.C. 3729(a)(3), the Court awards to the United States from Defendant Michael Padron the costs of this action brought to recover such statutory penalties. The United States is directed to file its proposed Bill of Costs forthwith; and

3. Pursuant to 28 U.S.C. 1961, the Court awards to the United States from Defendant Michael Padron post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Order until paid.

All other relief requested by either party which is now pending before the Court and not specifically awarded herein is **DENIED**.

**So ORDERED and SIGNED this 17th day of September, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE